# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Travis W. White, Respondent.

Appellate Case No. 2025-000825

---

Opinion No. 28299
Submitted August 27, 2025 – Filed September 17, 2025

---

### DEFINITE SUSPENSION

---

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Phylicia Y. Coleman,
both of Columbia, for the Office of Disciplinary Counsel.

Travis W. White, of Arden, NC, pro se.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension of up to nine months.  We accept the Agreement and suspend Respondent from the practice of law in this state for nine months.  The facts, as set forth in the Agreement, are as follows.

## I.

Respondent was admitted to practice in 2018.  This Agreement resolves four disciplinary complaints that were filed with ODC in 2022.

**Matter A.**

In or around March 2021, Client A hired Respondent to represent her in a child custody and divorce matter. Client A paid Respondent $4,500 as a retainer. Respondent eventually left his employment with the law firm he was employed at and opened his own practice. Client A followed Respondent to his new firm and paid him $2,910.

On June 10, 2022, Client A filed a complaint with ODC alleging Respondent was very difficult to contact and failed to appear for the final divorce hearing. Client A further alleged she had to learn details regarding the final divorce hearing from her ex-husband.

Respondent admits there was a period of time when Client A was unable to reach him and that he failed to attend the final divorce hearing.

**Matter B.**

On or around April 1, 2022, Client B hired Respondent to represent her in a divorce proceeding. Client B paid Respondent $3,500 as a retainer. On May 18, 2022, Client B emailed Respondent to determine whether he had filed the summons and complaint. That same day, Respondent sent Client B a copy of the filed complaint. On June 14, 2022, Respondent and Client B scheduled a meeting to review a proposed agreement from Client B's then-husband.

On July 11, 2022, Client B emailed Respondent several documents, including a financial declaration and a W-2 form. Client B alleged that she last heard from Respondent on July 11, 2022, via text message. She was also unaware whether Respondent requested her then-husband's financial declaration. On August 16, 2022, Client B emailed Respondent seeking a status update because she was told that her then-husband's lawyer was waiting on Respondent to act. Respondent did not respond to Client B's email. Between June 29, 2022, and August 29, 2022, Client B attempted to reach Respondent by telephone four times. Respondent did not return Client B's phone calls. On September 11, 2022, Client B filed a complaint with ODC alleging Respondent was not communicating and had neglected her divorce matter.

On September 12, 2022, a Notice of Investigation was emailed to Respondent, with a response being due within fifteen days. On October 5, 2022, after receiving no response, ODC issued a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d

240 (1982), again requesting Respondent's response. ODC received a signed certified mail receipt, but Respondent provided no response.

On October 21, 2022, ODC requested the South Carolina Law Enforcement Division (SLED) to personally serve Respondent with both the October 5, 2022 *Treacy* letter and a Notice to Appear, which required Respondent to appear before ODC on November 30, 2022. SLED was unable to locate and serve Respondent.

Respondent failed to competently and diligently represent Client B, failed to respond to reasonable requests for information from Client B, and failed to respond to lawful demands for information from ODC.

## Matter C.

Client C hired Respondent to assist her with a child support issue in a final divorce decree. Client C paid Respondent $4,635 and alleged there was a remaining balance of her retainer totaling $1,945. On June 21, 2022, the judge issued a final order regarding Client C's case. On August 24, 2022, Client C emailed Respondent regarding the unused retainer fee, but Respondent did not respond. On September 15, 2022, Client C emailed Respondent a second time regarding the unused retainer fee, but Respondent again did not respond. On September 19, 2022, Client C called Respondent; the call went straight to voicemail, which was full. Client C followed up with an email to Respondent informing him that she tried calling him and had not heard back regarding the remainder of the retainer fee. On September 20, 2022, Client C again called Respondent and received no response. On October 4, 2022, Client C filed a complaint with ODC.

On October 21, 2022, ODC requested SLED to personally serve Respondent with a Notice of Investigation. SLED was unable to locate and serve Respondent.

Respondent failed to respond to Client C's reasonable requests for information, failed to deliver funds that Client C was entitled to receive, failed to protect Client C's interests after representation ended, and failed to respond to lawful demands for information from ODC.

## Matter D.

In or around August 2021, Client D hired Respondent to represent her in a divorce proceeding. Client D paid Respondent $4,680. On September 19, 2022, Client D's new attorney filed a motion for substitution of counsel, with one of the bases of the

motion being that Respondent failed to return phone calls or assist Client D. On November 11, 2022, Client D filed a complaint with ODC. On December 9, 2022, ODC emailed Respondent a Notice of Investigation, with a response being due within fifteen days. Respondent failed to respond.

On November 28, 2022, the Court placed Respondent on interim suspension and appointed the Receiver to protect the interest of Respondent's clients.[1] After being suspended, Respondent failed to file and serve the affidavit required pursuant to Rule 30(i), RLDE, Rule 413, SCACR. On April 27, 2023, Respondent's license was administratively suspended for failing to comply with continuing legal education requirements.[2] Respondent remains on administrative suspension.

As to Matters B, C, and D, Respondent was uncooperative with ODC. Despite ODC speaking with Respondent via telephone and emailing and mailing to Respondent complaints, Notices of Investigation, Notices to Appear, and *Treacy* letters regarding these matters, he failed to meaningfully respond. In early December 2024, a SLED agent attempted to personally serve Respondent with a Notice to Appear but was unable to do so. The SLED agent was eventually able to speak to Respondent, after which time Respondent contacted ODC once more and provided a North Carolina address. ODC then emailed and mailed the notices and complaints to Respondent, with a response being due December 30, 2024. On December 26, 2024, Respondent emailed ODC and stated he was unable to respond to or contest the allegations because he no longer had access to any of his financial records, emails, case management software, or physical files. In response, ODC informed Respondent that he could contact the Receiver's Office regarding any files they still may have to assist him in responding to the allegations. Despite being provided contact information for the Receiver's Office, Respondent never made contact. On January 1, 2025, the mailings ODC sent to the North Carolina address Respondent provided were returned as undeliverable.

## II.

Respondent admits that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1

---

[1] *In re White*, 438 S.C. 66, 882 S.E.2d 171 (2022). The receivership was terminated by order of this Court dated October 24, 2023.

[2] *In re Admin. Suspensions for Failure to Comply with Continuing Legal Educ. Requirements*, S.C. Sup. Ct. Order dated April 27, 2023.

(requiring competence); Rule 1.3 (requiring diligence); Rule 1.4 (requiring communication); Rule 1.15(d) (requiring a lawyer to promptly deliver funds that the client is entitled to receive); Rule 1.16(d) (requiring a lawyer, upon termination of representation, to surrender papers and property to which the client is entitled and refund any unearned fee or expense); Rule 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal); Rule 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority); and Rule 8.4(e) (prohibiting conduct that is prejudicial to the administration of justice).

Respondent admits his misconduct is grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct is a ground for discipline).

In the Agreement, Respondent admits his wrongdoing and agrees to a public reprimand or definite suspension of up to nine months. Respondent also requests that any sanction be imposed retroactively to the date of his interim suspension. In addition to agreeing to pay the investigative and prosecutorial costs involved in this matter within thirty days of being disciplined, Respondent agrees to enter into a restitution agreement with the Commission on Lawyer Conduct (Commission) within thirty days of being disciplined for the repayment of restitution to the Lawyers' Fund for Client Protection (Lawyers' Fund) for payments made to Clients B and C. Respondent also agrees to meet with Lawyers Helping Lawyers (LHL) to undergo an alcohol and drug abuse assessment within sixty days of being disciplined and agrees to comply with any of LHL's recommendations. Respondent has no prior disciplinary history.

### III.

We accept the Agreement and find Respondent's misconduct warrants a nine-month definite suspension. *See In re Moore*, 329 S.C. 294, 306, 494 S.E.2d 804, 811 (1997) ("The appropriate sanction for neglect of several client matters generally is a public reprimand provided the clients are not greatly prejudiced. However, when the client is prejudiced and the attorney refused to cooperate with [ODC's] investigation, the sanction imposed has been as great as a one year suspension." (citations omitted)). Furthermore, due to Respondent's failure to file and serve the affidavit required by Rule 30(i), RLDE, Rule 413, SCACR, Respondent is to remain suspended and the nine-month definite suspension imposed herein shall not begin to run until the Clerk of the Supreme Court actually receives Respondent's Rule 30(i) affidavit. Rule 30(j), RLDE, Rule 413, SCACR.

Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Additionally, within thirty days Respondent shall enter into a restitution agreement with the Commission for the repayment of restitution in the amount of $4,450 to the Lawyers' Fund for payments made to Clients B and C. Finally, within sixty days, Respondent shall meet with LHL to undergo an alcohol and drug abuse assessment to determine whether any additional services or treatments are needed and shall comply with any of LHL's recommendations.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**